### In re Ronald George TIFFANY dba Legal Forms by Tiffany fdba Tiffany Realty, Debtor.

**Bankruptcy No. 89–00772–13.**

United States Bankruptcy Court, D. Idaho.

Aug. 25, 1989.

Marc S. Tanner, Boise, Idaho, for debtor.

Edwin G. Schiller, Schiller & Schiller, Nampa, Idaho, for Carol Hammes.

Bernie Rakozy, trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

In debtor's Chapter 13 bankruptcy statement, he listed certain real property located at 508 Central Sugar Street in Canyon County, Idaho as his homestead exemption. Creditor Carol Hammes, (hereinafter "creditor"), objects to the homestead exemption on the grounds: three dwellings exist on the property, all of which cannot be part of the exemption; the property includes several acres which cannot be totally exempted; and, the debtor was not living in the residence on the property at the time of the declaration.

I.C. § 55–1001(2)[1] defines homestead as:

... (2) "Homestead" means and consists of the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, *or improved;* or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon. *A mobile home may be exempted under this chapter whether or not it is permanently affixed to the underlying land and whether or not the mobile home is placed upon a lot owned by the mobile home owner.* Property included in the homestead must be actually intended or used as a princi-

pal home for the owner. (Emphasis added)

■ Although the debtor and his family have resided only periodically in the dwelling, I conclude such absences have been temporary absences. While the debtor and his dependents occasionally lived elsewhere, he did not intend to abandon the residence as his home, and the temporary absences from the residence were occasioned by reasonable causes. The absences were not inconsistent with his right to the specific homestead claimed. The debtor intended to reside in the home at the time he filed the homestead declaration.

■ However, there are apparently three dwellings on the property claimed in the property description contained in the declaration of homestead. There exists a mobile home at 512 Sugar, not owned by the debtor, but owned and occupied by a tenant. The fact a tenant is renting a portion of the property and living in a mobile home on the property is a material factor in determining the extent of debtor's homestead, since the tenant could conceivably also declare a homestead exemption on the property under the statute. Yet another residence exists on the property at 504 Sugar. This residence has been used in the past by the debtor as a rental property.

The basic, definitive statute, Idaho Code § 55–1001, *supra*, contemplates only one dwelling, subject to only one homestead claim of exemption, and the land on which it is situated. Based on the plain wording of the statute, the debtor's homestead cannot include property upon which other residences are located, which residences and the land upon which they are situated could also be subject to homestead declarations. Thus, the extent of debtor's homestead is in excess of the amount of real property authorized by the statute and should be limited to the single residence and the "improved" land upon which it sits.

A more difficult issue involves the manner of determining the extent of the homestead in the context of the objection. The debtor's declaration of homestead is not

---

[1]. Idaho Session Laws 1989, Ch. 371.

totally deficient and he is entitled to a homestead which meets the foregoing standards. To sustain the objection in total might destroy the debtor's entire homestead objection, and yet the Chapter 7 trustee is entitled to the excess property as property of the estate. The provisions of I.C. § 55–1008(2), which afford a presumption of validity to the entire property claimed in the declaration until a state court of general jurisdiction declares otherwise, must also be considered. The statute provides:

> ... (2) Every homestead created under this chapter is presumed to be valid to the extent of all the property claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county in which the homestead is situated.

However, this Court has jurisdiction to decide an exemption issue involving a debtor within its jurisdiction, even though such a decision involves interpretation of state statutes which reserve exclusive jurisdiction to the state courts, under the supremacy clause of the Constitution of the United States.[2] I conclude the correct procedure involves a partial sustaining of the objection and a partitioning of the property. Accordingly, such an order will be entered under the provisions of 11 U.S.C. § 105(a). If the parties cannot agree on the partitioning, the trustee may begin partitioning proceedings in state court or utilize other remedies available to him under the provisions of Chapters 5 and 7 of Title 11 of the United States Code.

---

2. Article VI, Constitution of the United States.