**In re Thomas M. PETERS and Tina M. Peters, Debtors.**

**Bankruptcy No. 93–02910.**

United States Bankruptcy Court, D. Idaho.

March 11, 1994.

Cameron L. Phillips, Coeur d'Alene, ID, for debtors.

Russell J. Gallagher, Coeur d'Alene, ID, for creditors Kobezak.

L.C. Spurgeon, Trustee, Coeur d'Alene, ID.

### MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Debtors Thomas and Tina Peters have claimed a homestead exemption, pursuant to Idaho Code § 55–1001 et seq., in their 1989 Windjammer motor home valued at approximately $25,000. The Chapter 7 Trustee Ford Elsaesser and Creditors Ken and Alexandra Kobezak objected to the claim of exemption on the grounds that the motor home is not covered by Idaho Code § 55–1001, the homestead exemption statute in Idaho. Thereafter, the case was converted to Chapter 13 and L.C. Spurgeon was appointed as the trustee. He now has also objected to Debtors' exemption claim on the same grounds. The parties submitted the matter to the Court on a stipulation of facts and briefing and the Court will dispose of all objections herein.[1]

The motor home is 33 feet long and contains sleeping, cooking and bathroom facilities. It is registered and licensed as a motor vehicle and is operable. It was purchased with proceeds from the sale of Debtors' pre-

---

1. The Chapter 13 Trustee's Objection has been set for hearing on April 6, 1994. However, Mr. Spurgeon was given an opportunity to file a written argument on the exemption issue and did so on March 7. Therefore, the hearing is unnecessary and will be vacated.

vious residence in June of 1993. The motor home is currently located on the property of Debtor Tom Peter's brother and is connected to water, sewer and electrical services. Debtors physically reside in the motor home, and evidently intend to continue to do so in the future. They have no other residence.

■ Idaho has "opted-out" of the federal bankruptcy exemptions, and its residents are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11–609; *In re Millsap*, 91 I.B.C.R. 5, 6. Idaho's homestead exemption statutes are to be liberally construed in favor of the debtor. *Millsap*, 91 I.B.C.R. at 6.

Idaho Code § 55–1004 automatically protects as exempt that property constituting a "homestead" as defined by the statutes. The exemption is limited in amount to not more than $50,000. Idaho Code § 55–1003. As used in the statutes, the term " '[h]omestead' means and consists of the dwelling house or the mobile home in which the owner resides or intends to reside...." Idaho Code § 55–1001(2). "A mobile home may be exempted under this chapter whether or not it is permanently affixed to the underlying land and whether or not the mobile home is placed upon a lot owned by the mobile home owner." *Id.* However, "[p]roperty included in the homestead must be actually intended or used as a principal home for the user." *Id.* " 'Dwelling house' and 'mobile home' include manufactured housing," Idaho Code § 55–1001(1), but the term dwelling house is not further defined in the exemption laws. Important to the case here is the fact that the statute does not indicate whether a motor home can be considered a dwelling house or mobile home for exemption purposes.

How does a "motor home" differ from or compare to a mobile home or manufactured house? The Court has looked elsewhere in the Idaho Code for possible guidance. For example, Idaho Code § 44–2101A, a statute dealing with the licensing of manufactured home dealers, provides that:

> ... (9) 'Mobile home' means a structure similar to a manufactured home but built to a state mobile home code which existed prior to the Federal Manufactured Housing and Safety Standards Act.

Idaho Code § 39–4105(14), a part of the Idaho Building Code Advisory Act, states that:

> 'Manufactured home' (formerly mobile home) means a structure, constructed according to HUD/FHA mobile home construction and safety standards, ... is eight (8) body feet or more in width or is forty (40) body feet or more in length ... and which is built on a permanent chassis and designed to be used as a dwelling ...

Finally, Idaho Code § 39–4105(15) specifies that:

> ... 'Motor home' means a vehicular unit designed to provide temporary living quarters for recreational, camping or travel use built on or permanently attached to a self-propelled motor vehicle chassis or on a chassis cab or van which is an integral part of the completed vehicle.

It appears that the fundamental difference between a motor home and a manufactured or mobile home as defined by these other provisions of the Idaho Code is that a motor home is intended to be used as a self-propelled vehicle whereas a mobile or manufactured home is to be used as a dwelling. Where does a motor home that is both designed and actually used as a permanent dwelling fit into this scheme? Do these statutes dictate that a motor home cannot be a dwelling which may be exempted as a homestead?

This Court has had considerable experience in attempting to square the requirements of the homestead exemption statutes, which did not expressly allow the exemption of a mobile home, with the changing residential habits of Idaho's citizens. In the 1983 decision *In re Goodnight*, 83 I.B.C.R. 95, Judge Young discusses the fact that as early as 1972 he had held that a mobile home located on property leased by a debtor could be exempted under Idaho law as a homestead. For years thereafter, the necessary elements for a mobile home homestead included that debtors have some cognizable interest in the property on which the mobile home was located; that the mobile home be affixed to that property in some relatively permanent manner; and that a proper declaration of homestead be recorded. *Good-*

*night,* 83 I.B.C.R. at 95–96; *In re Scott,* 86 I.B.C.R. 89; *In re Gochenour,* 89 I.B.C.R. 179.

Significantly, however, in 1989 the Idaho legislature markedly changed the focus of the homestead exemption statute. For the first time, mobile homes were explicitly included within the definition of property constituting the homestead. The statute also eliminated the Court-created rule that the mobile home must be affixed to real property in which the debtor owned some interest. The amended statute limits the homestead exemption not by the kind of property which it may constitute, but rather by requiring that whatever property is claimed as a homestead be the debtor's actual, principal home. The new law also eliminated the need to record a declaration of exemption in the county real estate records. In other words, it is evident to the Court from these changes that the historical notion that a homestead exemption must necessarily be intertwined with a debtor's interest in real property is now a dinosaur.

In light of the Legislature's change of thinking, to hold that a motor home cannot be construed to be a mobile home or dwelling house for homestead purposes would be to elevate form over substance and would clearly not be construing the exemption statutes liberally in Debtors' favor. While this determination depends entirely upon the facts of this case, here the motor home has all the essential elements of a traditional, permanent residence, and is actually used by Debtors as such. Surely, there would be no issue present in this case but for the fact that Debtors' home has an engine.

The statutes control potential abuses of the homestead exemption by limiting the amount that may be exempted. Creditors are no more prejudiced than had the Debtors decided to buy a non-motorized mobile home in which to live with their house sale proceeds. The laws do not provide that a motor home cannot, as a matter of law, be considered a dwelling house and this Court does not intend to judicially create such a restriction. The purpose of a homestead exemption is to ensure that a debtor may protect from creditors a place to live. In this case, simply because Debtors' dwelling has wheels and

can be driven away does not change the fact that this is Debtors' only residence and that they are entitled to similar protections.

A separate order will be entered overruling the objections to Debtors' homestead exemption claim in the Windjammer motor home.