**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>DOUGLAS CARL JOHNS and<br>JANINA JOHNS,<br><br>               Debtors.<br>_____<br><br>BANNER BANK,<br><br>               Appellant,<br><br>v.<br><br>DOUGLAS CARL JOHNS; JANINA<br>JOHNS,<br><br>               Appellees.<br>_____ | BAP No. ID-14-1049-KiDJu<br><br>Bk. No. 3:12-bk-20828-TLM<br><br><br><br>**M E M O R A N D U M**[1] |

Submitted Without Oral Argument
on November 20, 2014[2]

Filed - December 8, 2014

Appeal from the United States Bankruptcy Court
for the District of Idaho

Honorable Terry L. Meyers, Chief Bankruptcy Judge, Presiding

Appearances:    Thomas E. Dvorak, Angela M. Reed and Alexander P.
McLaughlin of Givens Pursley LLP on brief for
appellant Banner Bank; Kenneth Larry Anderson of
Law Office of Kenneth L. Anderson on brief for
appellees Douglas and Janina Johns.

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

[2] In an order entered on June 23, 2014, the Panel determined
this matter was suitable for disposition without oral argument.
Fed. R. Bankr. P. 8012; 9th Cir. BAP R. 8012-1.

Before: KIRSCHER, DUNN and JURY, Bankruptcy Judges.

Appellant Banner Bank ("Bank") appeals an order overruling its objection to debtors' claimed homestead exemption in three separately described but contiguous parcels of real property under Idaho Code § 55-1003. The bankruptcy court overruled the Bank's objection on the basis that the Bank did not meet its burden to prove that debtors' claimed exemption was improper. In re Johns, 504 B.R. 657, 661 (Bankr. D. Idaho 2014). However, the Bank contends that while debtors are entitled to the homestead exemption as to one of the parcels, the bankruptcy court erred when it extended the exemption protection to the other two parcels. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Douglas and Janina Johns ("Johns") filed a chapter 13[3] petition on July 10, 2012. Their case was subsequently converted to chapter 7 on May 1, 2013. In both cases, the Johns have maintained their entitlement to a homestead exemption on real property they own in Latah County, Idaho.

Specifically, the Johns own approximately twenty-five acres of real property in Juliaetta, Idaho. The property consists of multiple parcels, but for purposes of this matter, the parcels that comprise the real property have been consistently referred to as "Parcel I," "Parcel II" and "Parcel III."[4] The three parcels

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] The parcels were purchased separately by Douglas Johns' parents in the 1940s and 1950s and all were subsequently acquired by the Johns by 1980.

are contiguous.

Parcel I consists of .67 acres and includes the Johns' primary residence. Parcel II consists of approximately one acre, which includes: a house the Johns rent to a family friend; a garden; a riding area; and a barn the Johns use to shelter one of their horses. At the time the Johns filed their bankruptcy petition, they rented the house to their daughter's friend for $700 per month. The Johns have continually used the outbuildings and pastures in Parcel II. Parcel III contains 23.81 acres, a larger barn the Johns use for their remaining horses and livestock, riding areas and a pasture.

The Bank holds a consensual deed of trust securing a 2008 home equity loan, which encumbers only Parcel I. The Bank also holds two default judgments against the Johns related to separate commercial debt. The Bank has judgment liens on all of the real property at issue.

On April 27, 2012, the Bank directed the sheriff to levy on Parcels II and III to satisfy its judgment liens. The Johns responded by filing a declaration of homestead against Parcels I, II and III. They filed their bankruptcy petition one day before the sheriff's sale.

Following conversion to chapter 7,[5] the Johns amended Schedule C and exempted under Idaho Code § 55-1003 "[i]mproved

---

[5] On April 15, 2013, the chapter 13 trustee moved to dismiss or convert the Johns' bankruptcy case to chapter 7 on the basis of eligibility as their unsecured debts exceeded $360,474, the statutory limit imposed in a chapter 13 case pursuant to § 109(e). On April 30, 2013, the Johns moved to convert the case to chapter 7. The bankruptcy court converted the case to chapter 7 on May 1, 2013.

-3-

real property used as debtors residence, commonly described as 519 State Street and 525 State Street[6] and all contiguous land, City of Juliaetta, County of Latah, State of Idaho[.]"

The Bank timely objected to the Johns' claimed homestead exemption, asserting it should be limited to Parcel I.[7] Relevant to the issue on appeal, the Bank argued that because Parcel I contains a residence, the Johns cannot also include Parcel II as part of their homestead exemption because it too contains a "dwelling house" and the Johns cannot have a homestead with more than one "dwelling." In support of its position, the Bank pointed to the statutory definition of "homestead" under Idaho Code § 55-1001(2) and the bankruptcy court's interpretation of this statute in In re Tiffany, 106 B.R. 213 (Bankr. D. Idaho 1989) (Hagan, J.), where the court limited the debtor's multiple dwelling homestead (including one rental property) exemption claim to a single residence property.

The Bank urged the court to adopt the reasoning in In re Tiffany and exclude from the Johns' homestead exemption Parcels II and III. It asserted Parcel II must be excluded because it contained a second dwelling that is a rental property

---

[6] The address "519 State Street" refers to Parcel I and "525 State Street" refers to Parcel II.

[7] The chapter 7 trustee also filed an objection to Johns' claimed homestead exemption on the basis that "the property consists of three separate parcels. Debtor[s'] residence is located on one parcel and the parcels are not contiguous. The homestead exemption only applies to the parcel containing the Debtors' residence." However, the trustee later withdrew his objection without explanation. The trustee subsequently informed this appellate court that he was not an appellee, but was an interested party.

-4-

with its own distinct physical address and tax parcel number. As to Parcel III, the Bank argued that it could not be included because that unimproved land was not otherwise contiguous to either Parcel I or II, and the Johns did not intend to use it as part of the homestead as a whole.

The Johns timely responded to the Bank's objection. They argued that the presence of a second dwelling on Parcel II did not exclude it from protection under Idaho law because nothing in the statutory language restricts a homestead to a parcel with only a single building. The Johns asserted that Idaho Code § 55-1003 and Idaho bankruptcy case law only require the exemption not to exceed a $100,000 net value, that the parcels be utilized as a whole and the lands be contiguous. In this regard, the Johns provided their amended Schedule D to demonstrate that because the secured claims exceeded the value of the property, the net value did not exceed the statutory cap. To prove the parcels were indeed contiguous and used as a whole, the Johns provided maps demonstrating the layout of the various plots, and set forth facts indicating that their family used the land and outbuildings on all three parcels for sheltering their horses, horseback riding, gardening, growing fruit trees and hay, and for pasturage.

After additional briefing, the Bank and the Johns submitted stipulated facts to the bankruptcy court. A hearing on the homestead exemption issue was held on December 10, 2013, where the parties reiterated their positions. The court took the matter under advisement.

On January 7, 2014, the bankruptcy court filed a Memorandum of Decision and entered an Order overruling the Bank's objection

-5-

to the Johns' homestead exemption. In conjunction with the plain language of Idaho Code §§ 55-1001 and 55-1003, the bankruptcy court relied on prior Idaho bankruptcy case law allowing homestead exemptions where multiple parcels are involved and concluded that whether property consists of multiple parcels or structures is not determinative or relevant if those parcels are contiguous and occupied and used by the Johns as one parcel. In re Johns, 504 B.R. at 660.

The bankruptcy court found specifically relevant to the issue of multiple dwelling units the decision of In re Egbert, 2000 WL 33712213 (Bankr. D. Idaho June 13, 2000) (Pappas, J.), which held that property containing two residences, one of which was rented to tenants, qualified as a "homestead" under Idaho law. In adopting the In re Egbert rationale, the bankruptcy court rejected the Bank's reliance on In re Tiffany, as the holding in that case was expressly rejected by the court in In re Egbert. The court reasoned:

> Given that exemptions are to be construed liberally and there is no specific statutory limitation on land size (i.e., 'the land on which [the dwelling and appurtenant buildings] are situated and by which the same are surrounded or improved,' [citing Idaho Code § 55-1001(2)] and 'regardless of area' [citing Idaho Code § 55-1003]), this Court agrees with the reasoning in Egbert.

In re Johns, 504 B.R. at 660.

Ultimately, the bankruptcy court held that "Idaho laws protect Debtors' homestead property, no matter the size or the number of legal parcels, as long as that property is contiguous and used as a whole. Here Parcels I, II and III meet that criteria." Id. at 661. As such, the bankruptcy court concluded the Bank had not met its burden to prove the exemption was

-6-

improper.  This timely appeal followed.

**II.  JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B).  We have jurisdiction under 28 U.S.C. § 158.

**III.  ISSUE**

Did the bankruptcy court err when it overruled the Bank's objection to the Johns' claimed Idaho homestead exemption, allowing them to include Parcels II and III?

**IV.  STANDARDS OF REVIEW**

We review a bankruptcy court's conclusions of law, including its interpretation of state law, de novo.  Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009).  The right of a debtor to claim an exemption is a question of law we review de novo.  Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003).

The bankruptcy court's findings of fact with respect to a claimed exemption are reviewed for clear error.  Id.  Factual findings are clearly erroneous if illogical, implausible or without support in the record.  Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

**V.  DISCUSSION**

**A.   The bankruptcy court did not err by including Parcels II and III in the Johns' homestead exemption.**

**1.   Law of exemptions in general**

When the Johns filed their bankruptcy petition, all of their assets became property of their bankruptcy estate under § 541, subject to their right to reclaim certain property as exempt. Schwab v. Reilly, 560 U.S. 770, 774 (2010).  "Property a debtor

-7-

claims as exempt will be excluded from the bankruptcy estate '[u]nless a party in interest' objects." Id. (citing § 522(1)). Whether property qualifies as exempt is to be determined as of the date of the filing of debtors' bankruptcy petition. White v. Stump, 266 U.S. 310, 313 (1924); In re Cerchione, 414 B.R. at 548.

Section 522(b) allows debtors to choose the exemptions afforded by state law or the federal exemptions listed under § 522(d). Idaho has elected to "opt out" of the federal exemptions. Idaho Code § 11-609. Accordingly, the Johns were limited to the exemption allowed under Idaho law. In re Steinmetz, 261 B.R. 32, 33 (Bankr. D. Idaho 2001). Therefore, while "the federal courts decide the merits of state exemptions, . . . the validity of the claimed state exemption is controlled by the applicable state law." In re Kelley, 300 B.R. at 16. In this regard, Idaho exemption statutes are to be liberally construed in favor of the debtor. In re Wiley, 352 B.R. 716, 718 (Bankr. D. Idaho 2006); In re Kline, 350 B.R. 497, 502 (Bankr. D. Idaho 2005).

A claimed exemption is "presumptively valid." Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999) (citation omitted). Once an exemption has been claimed, as the objecting party, the Bank "has the burden of proving that the exemptions are not properly claimed." Rule 4003(c); Gonzalez v. Davis (In re Davis), 323 B.R. 732, 736 (9th Cir. BAP 2005) (Klein, J., concurring). Initially, this means the objecting party has the burden of production and the burden of persuasion. In re Carter, 182 F.3d at 1029 n.3. If the objecting party produces evidence to rebut the presumptively valid exemption, the

-8-

burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate the exemption is proper. Id. However, the burden of persuasion always remains with the objecting party. Id.

**2. Idaho homestead exemption at issue**

The Johns contend they are entitled to apply Idaho Code § 55-1003 to exempt their three parcels of contiguous real property. That statute provides:

> A homestead may consist of lands, as described in section 55-1001, Idaho Code, regardless of area, but the homestead exemption amount shall not exceed the lesser of (i) the total net value of the lands, mobile home, and improvements as described in section 55-1001, Idaho Code; or (ii) the sum of one hundred thousand dollars ($100,000).

Idaho Code § 55-1003 (emphasis added). The Johns maintain that Parcels I, II and III consist of lands within the meaning of "homestead," which is statutorily defined in pertinent part as a:

> [D]welling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon [.]

Idaho Code § 55-1001(2).

The Bank does not dispute that the Johns are entitled to exempt Parcel I under the foregoing statutes. However, the Bank disputes the bankruptcy court's decision to allow the Johns also to include Parcels II and III in their homestead exemption.

**3. Parcels II and III were properly included in the Johns' homestead exemption.**

The Bank's principal argument on appeal is that the presence of a second dwelling on Parcel II excludes it from the Johns'

homestead exemption because the definition of "homestead" under Idaho law contemplates only a single "dwelling." In support of this position, the Bank relies on the definition of a "homestead" set forth in Idaho Code § 55-1001(2), and the interpretation of it under In re Tiffany. Furthermore, the Bank argues that because Parcel II falls outside the Johns' homestead exemption, Parcel III must also be excluded because it is not itself contiguous to Parcel I.

We agree that if Parcel II is to be excluded from the homestead, then Parcel III must also be excluded as it is not directly connected to Parcel I. However, we disagree with the Bank's threshold premise as to Parcel II because it fails to consider the issues material to the exemption of a multiple parcel homestead and contravenes the factually relevant and legally sound decision of In re Egbert, which expressly disposed of the multiple dwelling issue in a manner consistent with the underlying policy of Idaho's homestead exemption laws.

### a. Idaho law allows multiple parcels to qualify as a "homestead" under Idaho Code § 55-1001 and therefore be exempt under Idaho Code § 55-1003.

The statutes governing homestead exemptions in Idaho do not limit the size of a debtor's homestead. In re Zantman, 261 B.R. 41, 43 (Bankr. D. Idaho 2001) (Idaho legislature has not imposed a property size limitation on a homestead exemption); In re Millsap, 122 B.R. 577, 581 (Bankr. D. Idaho 1991) (statutes contain no area restrictions on property claimed for a homestead). This principle is extrapolated from the plain language of Idaho's homestead exemption statutes, which allow a debtor to exempt the principal dwelling "in which the owner resides," as well as "the land on

-10-

which [the dwelling and appurtenant buildings] are situated and by which the same are surrounded or improved," "regardless of area." See Idaho Code §§ 55-1001(2), 55-1003.

The Idaho bankruptcy court has consistently applied this statutory language to allow homestead exemptions where multiple parcels are involved, as long the parcels are contiguous and used by the debtor as a whole. See, e.g., In re Zantman, 261 B.R. at 44 (allowing an exemption in various parcels that were contiguous and used by debtors as a single property); In re Taylor, 1995 WL 66330, at *3 (Bankr. D. Idaho Feb. 7, 1995) (allowing an exemption in multiple parcels when contiguous and debtors used "the property as one parcel"); In re Millsap, 122 B.R. at 580-81 (allowing an exemption in multiple contiguous parcels utilized by the owner as a single parcel).[8]

It is undisputed that the parcels at issue are contiguous, as this was expressly stated in the parties' stipulated facts: "The Johns' real estate in Juliaetta, Latah County, Idaho, consists of three contiguous parcels." The bankruptcy court found that "Parcel II is contiguous to Parcel I and Parcel III is contiguous to Parcel II." In re Johns, 504 B.R. at 558 n.3. Ample supporting points in the parties' stipulated facts corroborate the court's finding to this effect.

Additionally, it is undisputed that the Johns use all three parcels as one. In acknowledging that the use of Parcel I is not

---

[8] Indeed, the Bank acknowledges this rule and does not challenge the bankruptcy courts' application of it as to the land and appurtenant buildings on the Johns' three parcels, but, as discussed infra, claims the second dwelling cannot be encompassed under this rule.

-11-

independent from the use of Parcels II and III, the bankruptcy court noted in its decision that "the stipulated facts show Debtors use appurtenant buildings on Parcels II and III and the land that encompasses the same as part of their homestead, primarily to pasture and care for their horses." In re Johns, 504 B.R. at 660. This assessment that the three parcels are used as one is well supported by the stipulated facts that describe how the Johns use the various parcels for pasturing and housing horses, family activities such as horseback riding, for storing hay and residential personal property, and raising chickens for family eggs and meat.

Therefore, the record establishes that the real property meets the criteria for a multiple parcel homestead exemption under Idaho law because the parcels are contiguous and utilized by the Johns as a whole. In other words, all three parcels are properly exempt under Idaho Code § 55-1003 as a "homestead" pursuant to Idaho Code § 55-1001(2).

Given that Parcels II and III are properly included in the Johns' exemptible "homestead" as contiguous parcels used as part of the whole, the narrow issue in this appeal then becomes whether the presence of a second "dwelling" on Parcel II extinguishes the Johns' right to protect that property, which would otherwise be exempt under the foregoing multiple parcel analysis.

**b. The effect of a second "dwelling" within the otherwise exempt homestead**

The Bank argues that because the definition of "homestead" under Idaho Code § 55-1001(2) uses the term "dwelling" in the singular form, the Johns' homestead cannot be comprised of more

-12-

than one dwelling; therefore, the presence of a second dwelling on Parcel II renders it outside the scope of Idaho's homestead exemption. In support of this interpretation of Idaho Code § 55-1001(2), the Bank relies on In re Tiffany, which applied that statute in limiting a debtor's homestead exemption to a single dwelling. In re Tiffany, 106 B.R. at 214. The Bank contends that In re Tiffany is on point factually and provides a "well-reasoned" approach that should control the disposition of the second dwelling issue in this case. We disagree.

In In re Tiffany, the debtor sought to exempt as his homestead property that included multiple dwellings. 106 B.R. at 214. In this respect, In re Tiffany is similar to this case as the Johns have also sought to exempt a homestead with more than one "dwelling" on it. However, that is where the similarities end, and in all material respects the analysis in In re Tiffany becomes distinguishable from the case at bar.

The Bank argues that In re Tiffany limits the Johns' homestead exemption to one dwelling because the analysis does not rely upon the manner in which the Johns use the dwellings but depends upon the plain language of the statute that does not allow a claimant to assert a homestead over multiple dwellings. We fundamentally disagree with this reading of In re Tiffany.

Contrary to the Bank's statement of the case, the outcome in In re Tiffany did not arise from such a broad rationale, when in fact the Tiffany court framed its analysis around the unique character of the specific dwelling at issue, stating that:

> [T]he fact a tenant is renting a portion of the property and living in [his own] mobile home [i.e. owned by the tenant, not the debtor] on the property is a material

-13-

> factor in determining the extent of debtor's homestead, since the tenant could conceivably also declare a homestead exemption on the property under the statute.

106 B.R. at 214 (emphasis added). Indeed, the court's application of the plain language of Idaho Code § 55-1001 was tailored to this unique circumstance.

The Tiffany court made the observation that Idaho Code § 55-1001 "contemplates only one dwelling." Id. But, it did not stop there so as to make a definitive and general determination as to the effect of the singular use of "dwelling," and thereby foreclose the exemption of multiple dwelling homesteads in all contexts. Rather, the Tiffany court immediately tempered this strict construction with the qualifying explanation that:

> [B]ased on the plain wording of the statute, the debtor's homestead cannot include property upon which other residences are located, which residences and the land upon which they are situated could also be subject to homestead declarations.

Id. (emphasis added).

Thus, the court's analysis in In re Tiffany of whether an Idaho homestead can consist of more than one dwelling was driven by the narrow factual context of separate ownership interests in the dwellings sought to be claimed exempt, which could give rise to the potential for multiple party homestead exemption claims. Therefore, the Panel is not persuaded to apply the reasoning of In re Tiffany in a case such as this, where the debtors own both dwellings and no risk of multiple homestead exemption claims exists.

Instead, the Panel agrees with the bankruptcy court's decision in In re Egbert, which, similar to the case at bar, involved debtors who sought to exempt property that contained two

-14-

"dwellings," both of which they owned, one of which was rented. 2000 WL 33712213, at *1. In In re Egbert, the court concluded that even though the property included a second dwelling, it qualified as a "homestead" under Idaho Code § 55-1001. Id. In reaching this conclusion, the Egbert court applied the same statutory language as the Tiffany court, but expressly rejected the outcome in Tiffany based on the plain language of Idaho Code § 55-1001(2) and the narrow distinguishable facts.

Specifically, the Egbert court reasoned that the debtors' homestead exemption claim was proper as to both dwellings because it was consistent with the plain language of Idaho Code § 55-1001. It explained that just as the statute requires, the debtors "do in fact 'reside'" in one of the "'dwelling house[s]'" on the property, and the second dwelling could also be included because "the statute imposes no restrictions on what sort of additional buildings or improvements are permitted on the homestead." In re Egbert, 2000 WL 33712213, at *1.

The Egbert court recognized that while the Tiffany court construed the Idaho homestead exemption to include only one dwelling, it did so on facts that were "sufficiently distinguishable to justify a departure from the result in this case." Id. at *2 n.1. In this regard, the Egbert court noted that contrary to the unique circumstances of In re Tiffany, the debtors in In re Egbert were sole owners of the land and both dwellings; therefore, there was "no danger here that Debtors' second dwelling will be claimed by others as a homestead. . . . There is no possibility that the property could be the subject of multiple homestead claims." Id. at *2.

-15-

The Johns' homestead in this case shares the same distinguishable features to warrant a divergence from In re Tiffany and to adopt the Egbert court's interpretation of Idaho Code § 55-1001 as to the treatment of a second dwelling. The Johns own both the dwelling on Parcel I and the sometimes-rented dwelling on Parcel II. Distinct from the concerns that drove the court's analysis in In re Tiffany, no risk exists here that more than one homestead exemption can be claimed on this property.

Consistent with In re Egbert's interpretation of Idaho Code § 55-1001, the Johns "do in fact 'reside'" in the "'dwelling house'" on Parcel I. See id. at *1. As such, we agree with the analysis in In re Egbert that the definition imposes no further restriction on what sort of additional buildings or improvements are permitted on the homestead. Id. Therefore, nothing in the statutory scheme requires a piecemeal exclusion of the "dwelling" on Parcel II.

Although the Bank argues that In re Tiffany stands for the broader proposition that the singular form of "dwelling" in Idaho Code § 55-1001(2) should be construed to cover only one dwelling, to the extent the holding in In re Tiffany could be generalized in such a way despite the factual disparities, then we "must respectfully disagree with the construction given the statute by [the Tiffany] Court." In re Egbert, 2000 WL 33712213, at *2 n.1.

Allowing the dwelling on Parcel II to be included in the Johns' homestead exemption, when in all material respects the property has met the requirements to qualify as a "homestead" under Idaho Code § 55-1001(2), reflects the "interpretive rules

-16-

requiring liberal construction of exemptions statutes, and [is] consistent with the plain language of Idaho Code § 55-1001." See id. at *2. The Johns reside in the dwelling on Parcel I as their principal residence, and all parcels are contiguous and utilized as a whole; the mere presence of a structure that is characterized as a second "dwelling" should not defeat their right to an exemption.

Indeed, the Idaho legislature has already incorporated in the statutory scheme explicit limitations on the extent of a debtor's homestead exemption. Idaho Code § 55-1003 restricts a debtor's homestead exemption to the "lesser of . . . the total net value of the lands . . . and improvements . . . or the sum of one hundred thousand dollars." Thus, "any attempt to abuse the homestead exemption is curbed not only by the requirement that the debtor reside on the property, but also by the [$100,000] value limitation." In re Egbert, 2000 WL 33712213, at *2 (citation omitted); accord In re Zantman, 261 B.R. at 43 ("Creditors' interests are protected . . ., as the Legislature designed, by the limitation that only [$100,000] in equity in the property may be claimed as exempt.").

Therefore, the appropriate limitation on a debtor's Idaho homestead exemption is not the technical character of the structures appurtenant to it. We decline to create such a restriction based on an inference that the Bank argues can be drawn from the singular use of the word "dwelling," as applied in the factually distinct case of In re Tiffany. Accordingly, we fail to see how the presence of the second dwelling on contiguous Parcel II should warrant Parcel II's exclusion, in whole or in

-17-

part, from the Johns' homestead exemption, when the Bank's interests are protected as the Idaho Legislature intended by the statutory cap in exemptible equity.

Having concluded that the second dwelling on Parcel II does not defeat the Johns' right to include it as part of their homestead, the Bank's argument collapses as to Parcell III. In other words, because Parcel II is preserved as part of the homestead, it is irrelevant that Parcel III is not itself contiguous to Parcel I because Parcel III is contiguous to Parcel II, which is contiguous to Parcel I.

## VI. CONCLUSION

For the reasons set forth above, the Bank did not carry its burden to prove the Johns' claimed homestead exemption was improper. Therefore, we AFFIRM the bankruptcy court's order overruling the Bank's objection to the Johns' claim of homestead exemption, thereby recognizing Parcels I, II and III as exempt under Idaho Code § 55-1003.

-18-